**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SAMUAL HADEGE MENGIS,

    Petitioner,

    v.                                                                             No. 2:26-cv-00510-SMD-GJF

KRISTI NOEM, *et al.*,

    Respondents.

<u>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**</u>

THIS MATTER is before the Court on Petitioner's Verified Petition for Writ of Habeas Corpus.  Doc. 1.  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Samual Hadege Mengis, a citizen of Eritrea, is being held in Immigration and Customs Enforcement's ("ICE's") custody at the Otero County Processing Center in Chaparral, New Mexico.  Doc. 1 ¶¶ 34, 38.  On or about July 17, 2019, Petitioner entered the United States without inspection to seek asylum and was immediately detained.  *Id.* ¶ 34.  In November 2019, he was released on an $8,000 bond pursuant to 8 U.S.C. § 1226(a).  *Id.* ¶¶ 34–35.  Petitioner asserts that following his release, he filed an I-589 application for asylum, has complied with all immigration requirements, and has no criminal record.  *Id.* ¶ 35.

On November 24, 2025, approximately seven years after his initial entry, Petitioner was detained at a border patrol checkpoint in Texas while employed as a truck driver.  *Id.* ¶ 37. Petitioner initially sought a writ of habeas corpus in the Western District of Texas, El Paso Division; however, he was subsequently transferred to the Otero County Processing Center in New

Mexico. *Id.* ¶ 38. Petitioner has a Master Calendar Hearing scheduled for April 1, 2026. *Id.* ¶ 40.

He is not subject to a final order of removal. *Id.*

Petitioner challenges his ongoing detention, asserting that the denial of a bond hearing

violates the Immigration and Nationality Act and Due Process. *Id.* ¶¶ 43–53. Specifically,

Petitioner alleges that he is part of the nationwide class certified in *Bautista v. Santacruz*, which

held that all noncitizens who "(1) have entered or will enter the United States without inspection;

(2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to

detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of

Homeland Security makes an initial custody determination" are entitled to a bond hearing and

cannot be subjected to mandatory detention. *Id.* ¶¶ 31–33; *see also Bautista v. Santacruz*, No.

5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), reconsideration

granted in part, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).

Accordingly, Petitioner requests immediate release or, alternatively, a constitutionally adequate

bond hearing.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to

immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant

a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the

Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.      Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of

removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies

primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission."

2

*Id*. at 297.  Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted."  Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303.  Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings.  *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention.  *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest. *Jennings*, 583 U.S. at 303.  Because Petitioner has resided in the United States since 2019 and was released on bond after his arrival, he falls outside the scope of mandatory detention under § 1225(b)(2)(A).  *See* Doc. 1 ¶ 34.  That subsection applies to applicants for admission, such as those who present at a port of entry or are apprehended in the immediate vicinity of the border.  *See id.* ¶ 37.  Rather, Petitioner is entitled to a bond hearing under § 1226(a).  *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-

3

20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.     The Government's Detention of Petitioner Violates His Fifth Amendment Rights

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id*. at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. Petitioner alleges compliance with immigration requirements since his 2019 release on bond. *See* Doc. 1 at 1. The record does not show a change in the circumstances that justified his re-detention. While release on bond is not equivalent to legal

authorization to remain in the country, any modifications to Petitioner's status must still comport with constitutional procedural safeguards.

The United State's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 7 at 2–3. Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within 24 hours of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing all necessary identity and travel documents to board a domestic flight to return to his primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**